IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALLA GAMBLE, | 1:08-cv-1744 OWW GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER |
| vs. | (Document 7) |
| MICHAEL J. ASTRUE, Commissioner, | |
| Defendant. | |

On November 14, 2008, Plaintiff filed the present action in this Court. Plaintiff seeks review of the Commissioner's denial of her application for benefits. On November 14, 2008, Plaintiff also filed a motion to proceed in forma pauperis. Thereafter, on November 18, 2008, this Court granted Plaintiff's motion to proceed in forma pauperis and ordered that the Clerk of this Court issue summons and the United States marshal serve a copy of the complaint, summons and order upon the defendant "as directed by the plaintiff." (Document 4). The order granting the motion included the following attachments: (1) Instructions and Notice of Submission and (2) USM-285 Form. The instructions directed Plaintiff to provide the clerk's office with the original and five copies of the Summons, five copies of the order directing service by the U.S. Marshal, five copies of the complaint, one completed USM-285 form addressed to the Social Security Administration and five copies of any other documents to be served. Plaintiff was served with the aforementioned order and

1

1  attachments by mail on November 18, 2008.

2       As of January 29, 2009, Plaintiff had not submitted the required documents to the clerk's
3  office for service by the United States Marshal on the defendant(s).  Accordingly, the court issued an
4  order for Plaintiff to show cause why the action should not be dismissed for failure to complete and
5  return the service documents.  (Doc. 7).  Plaintiff was ordered to file a written response to the Order
6  to Show Cause within twenty (20) days from the date of the order.  More than twenty (20) days have
7  passed and Plaintiff has not responded to the Order to Show Cause.

8       Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules
9  or with any order of the Court may be grounds for the imposition by the Court of any and all
10 sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
11 control their dockets and "[i]n the exercise of that power they may impose sanctions including,
12 where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).
13 A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
14 failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46
15 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963
16 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
17 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for
18 failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
19 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
20 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
21 prosecution and failure to comply with local rules).

22      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
23 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
24 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
25 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
26 (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
27 1423; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

28

1  In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  Despite this court's show cause order, Plaintiff has not submitted the proper paperwork to the clerk for service of the complaint or provided any explanation to the court for the delay in this litigation.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to respond to the order to show cause expressly stated: "Failure to respond to this order will result dismissal of this action."  Thus, Plaintiff has had adequate warning that a recommendation of dismissal would result from her noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the court's order entered on January 29, 2009, and her failure to prosecute this action in a timely manner.  These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 3, 2009**                     **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE