# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STALLA GAMBLE, | ) | 1:08-cv-1744 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S REQUEST FOR DEFAULT |
| v. | ) | |
| | ) | (Doc. 13) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this action on November 14, 2008. (Doc. 1). On November 14, 2008, this Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 4.) On November 18, 2008, this Court issued its Scheduling Order, and a Summons to Defendant. (Docs. 5 & 6). Thereafter, Defendant received service of process on June 15, 2009.[1] (Docs. 10 & 11).

On October 1, 2009, Plaintiff filed a document entitled "Request for Entry of Default" wherein she seeks entry of judgment against Defendant for its purported failure to file a timely answer to her complaint. Plaintiff asks this Court to reconsider her file and grant her benefits.

---

[1] Plaintiff failed to return paperwork so that the Summons could be served on Defendant which resulted in the Court issuing an order to show cause on January 29, 2009. (Doc. 7). As such, Defendants were not served until June 15, 2009. (Docs. 8, 9, and 10).

1

1    Additionally, Plaintiff seeks to add a document to the record entitled "Supplemental Certification,"
2    dated September 9, 2009, which includes Claimant's Certification and a Physician's Supplementary
3    Certificate, that appears was submitted to the Employment Development Department.
4         Defendant has not failed to timely respond to Plaintiff's complaint. While this Court can
5    understand Plaintiff's confusion with regard to the applicable deadline for Defendant's response,
6    there is no reason to enter default at this time.
7         As outlined in the Scheduling Order dated November 17, 2008, Defendant had 120 days from
8    the date it received service of process within which to file the administrative record. (*See* Doc. 3 at
9    ¶ 2 ["Within one hundred twenty (120) days after service of the complaint, respondent shall serve
10   a copy of the administrative record on appellant and file it with the court. *The filing of the*
11   *administrative record shall be deemed an answer to the complaint*"], emphasis added.)  Thus,
12   because Defendant was served on June 15, 2009, Defendant is not required to file an administrative
13   record until October 13, 2009.  Thus, Defendant has not failed to timely respond to Plaintiff's
14   complaint, nor will this Court enter judgment for Plaintiff and against Defendant at this time.
15        Plaintiff is advised that she should review paragraph three of the Scheduling Order for it
16   requires that "[w]ithin thirty (30) days after service of the administrative record, appellant[/Plaintiff]
17   shall serve on respondent[/Defendant] a letter brief outlining the reasons why he/she contends that
18   remand is warranted.  The letter brief shall succinctly set forth the relevant issues and reasons for the
19   remand.  The letter brief shall NOT be filed with the court and it shall be marked 'confidential.'"
20   (Doc. 13, ¶ 3.)
21        Plaintiff's request to add additional documentation to the record is also denied.  Pursuant to
22   the provisions of 42 U.S.C. § 405 (g), as amended in 1980, a case may be remanded to the Secretary
23   if the new evidence submitted is material, and there is good cause for the failure to incorporate it into
24   the record.  In order to be "material," the new evidence must be probative of the claimant's condition
25   as it existed during the relevant time period -- on or before the administrative hearing. *Sanchez v.*
26   *Secretary of Health and Human Services*, 812 F.2d 509, 511 (9th Cir. 1987).  Here, Plaintiff seeks
27   to introduce evidence that was recently acquired in September 2009, after the administrative hearing.
28

1  Therefore, the document is not material, nor has plaintiff established that good cause exists to
2  incorporate it into the record.

### CONCLUSION

Plaintiff should refer to the Scheduling Order of November 17, 2008, for further information concerning due dates and deadlines as the Scheduling Order is specific to Social Security appeals and the procedures related thereto.  Upon a review of the documents the Court orders the following :

1) Plaintiff's request for default is denied;

2) Plaintiff's request to add additional documents to the record is denied;

3) The Clerk of the Court is directed to serve Plaintiff with another copy of the Scheduling Order issued on Novebmer 17, 2008, in conjunction with this Order. (Doc. 3);

4) The Clerk of the Court is directed to serve Defendant, Commissioner of Social Security, with a copy of this order.

IT IS SO ORDERED.

Dated:   **October 6, 2009**          /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

3