# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STALLA GAMBLE, | ) | 1:08-cv-1744 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | DOCUMENTS |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this action on November 14, 2008. On February 23, 2010, this Court issued an order to show cause why this Court should not dismiss Plaintiff's complaint because she failed to timely file her opening brief. On February 24, 2010, the Court received several loose documents from Plaintiff. The documents appear to consist of additional medical records, as well as two letters from individuals written on Plaintiff's behalf. For the reasons given below, the Court has chosen not to file the documents and orders the Clerk of the Court to return the documents to Plaintiff simultaneous with its service of this Order upon the parties.

The Commissioner has the duty to lodge the administrative record in this matter. In fact, the Commissioner did so on November 13, 2009. (Doc. 18.) Thus, this Court is currently in receipt of the record as it existed during the administrative proceedings previously held and from which

Plaintiff has appealed. The Court will not consider new or additional evidence, not previously considered by the administrative law judge ("ALJ") and Social Security Appeals Council, absent Plaintiff establishing good cause. The standard for good cause is provided below:

Pursuant to the provisions of Title 42 of the United States Code section 405(g), as amended in 1980, a case may be remanded to the Secretary if new evidence submitted is material, and there is good cause for the failure to incorporate it into the record. In order to be "material," the new evidence must be probative of the claimant's condition as it existed during the relevant time period -- on or before the administrative hearing. *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 511 (9th Cir. 1987). In addition, the claimant must prove to the reviewing court's satisfaction that there exists a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984). The good cause requirement is satisfied if the claimant could not have obtained the medical evidence at the time of the administrative proceeding, even though the evidence surfaces after the Secretary's final decision. *See Embry v. Bowen*, 849 F.2d 418, 423-24 (9th Cir. 1988); *Booz*, 734 F.2d at 1380.

However, a plaintiff may also fail to demonstrate good cause for not submitting the evidence earlier. Simply submitting a more favorable medical report obtained well after the ALJ's decision does not establish good cause. *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). Rather, the claimant must establish good cause for not seeking the expert's opinion prior to the denial of the claim. *Id.* Where a claimant believes that such evidence supports a claim for disability, the proper procedure for submitting the evidence is in the context of a new application for benefits. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

Here, Plaintiff has not demonstrated good cause for filing additional documents at this time. Plaintiff is also advised that her attempt at filing these documents does not fulfill her obligation to respond to the order to show cause issued by this Court on February 23, 2010. The current deadline for Plaintiff's response is March 15, 2010. In light of Plaintiff's attempt at filing of these documents, the Court will extend Plaintiff's response until March 25, 2010. If Plaintiff requires additional time

1 to submit her opening brief, she may make that request in her response to the order to show cause.
However, a failure to respond to the order to show cause will result in dismissal of this action.

Plaintiff is encouraged to review the guidelines regarding the filing of her opening brief contained in this Court's scheduling order issued on November 17, 2008. (Doc. 3). Additionally, Plaintiff shall review the informational order for pro se litigants that will be issued contemporaneously with this order. The criteria for filing opening briefs are addressed on page five of the informational order.

**CONCLUSION**

Based on the above, IT IS HEREBY ORDERED :

1) The Clerk of the Court is ordered to return Plaintiff's documents. These documents will not be filed with the Court absent a showing of good cause by Plaintiff, in accordance with the legal standard provided above;

2) The Clerk of the Court shall serve Plaintiff with a copy of this order, another copy of this Court's scheduling order issued on November 17, 2008 (Doc. 3), as well as a copy of the informational order for pro se litigants issued contemporaneously with this order;

3) Plaintiff shall respond to this Court's order to show cause issued on February 23, 2010 no later than March 25, 2010. Failure to file a response will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 3, 2010**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE