# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALLA GAMBLE, | ) 1:08-cv-1744 OWW GSA |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION<br>) REGARDING DISMISSAL OF ACTION |
| v. | ) (Docs. 20 and 23) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

On November 14, 2008, Plaintiff filed the present action for judicial review of the denial of Social Security benefits. On February 23, 2010, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to comply with the Court's November 27, 2008 scheduling order.[1] (Doc. 20). Specifically, Plaintiff failed to file her opening brief by the required date. The order to show cause directed Plaintiff to file a written response within twenty days of the date of the order.

On February 24, 2010, the Court received several loose documents from Plaintiff consisting of additional medical records and two letters from individuals written on Plaintiff's behalf. No response to the order to show cause was attached to the documents. The Court

---

[1] The Court notes that this is the second order to show cause issued to Plaintiff in this case. An order to show cause for failure to obey a court order was also issued on January 29, 2009 (Doc. 7). Plaintiff did not respond to the order show cause and Findings and Recommendations were issued to dismiss Plaintiff's case. (Doc. 8). Plaintiff filed objections to the Findings and Recommendations. (Doc. 9). The Court subsequently vacated the Findings and Recommendations and the Order to Show Cause on April 7, 2009. (Doc. 10).

1

returned these documents to the Plaintiff because Plaintiff had not demonstrated good cause for the filing of the additional documents. At that time, the Court explained that Plaintiff was required to respond to the order to show cause as well as to file an opening brief. The Court extended the deadline for Plaintiff to do so until March 25, 2010. Plaintiff was advised that failure to file a response to the order to show cause would result in dismissal of this action.

## DISCUSSION

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

1      In the instant case, the Court finds that the public's interest in expeditiously resolving this
2 litigation and the court's interest in managing the docket weigh in favor of dismissal. This case
3 has been pending since November 14, 2008, and the Court granted Plaintiff an extension of time
4 to respond to the order to show cause. Additionally, the Court has issued a previous order to
5 show cause related to Plaintiff's failure to comply with a court order. The third factor, risk of
6 prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises
7 from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542
8 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on
9 their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally,
10 a court's warning to a party that her failure to obey the court's order will result in dismissal
11 satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833
12 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's, February 23, 2010 and March 4,
13 2010 orders expressly stated that failure to respond to the order to show cause would result in
14 dismissal of the action. Thus, Plaintiff had adequate warning that a dismissal would result from
15 non-compliance with the Court's order.
16      Accordingly, the Court recommends that the action be DISMISSED for Plaintiff's failure
17 to follow the Court's order and failure to prosecute this action. These findings and
18 recommendation are submitted to the United States District Judge assigned to the case, pursuant
19 to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with
20 these findings and recommendations, plaintiff may file written objections with the court. Such a
21 document should be captioned "Objections to Magistrate Judge's Findings and
22 Recommendation." Plaintiff is advised that failure to file objections within the specified time
23 may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th
24 Cir. 1991).
25
26
27
28      IT IS SO ORDERED.

**Dated:      April 7, 2010**                              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE